# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | **CASE NO. 1:14-cv-01533-TSE-IDD** |
| Plaintiff, | |
| v. | |
| CRAIG AUGUSTON, | |
| Defendant. | |

REPORT OF THE PARTIES' PLANNING MEETING

1.  Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on May 6, 2015. Those participating were:

| | |
|---|---|
| Jon A. Hoppe, Esq | Robert Franklin Powers, Esq. |
| Maddox, Hoppe, Hoofnagle | McClanahan Powers, PLLC |
| Hafey, L.L.C. | 1604 Spring Hill Road, Ste. 321 |
| 1401 Mercantile Lane #105 | Vienna, VA 22182 |
| Largo, Maryland 20774 | Tel: (703) 520-1326 |
| Tel: (301) 341-2580 | Fax: (703) 828-0205 |
| Email: jhoppe@mhhhlawfirm.com | E-mail: rpowers@mcplegal.com |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

with consultation to:

William E Tabot, Esq.
9248 Mosby Street
Manassas, VA 20110
Tel: (703) 530-7075
Fax: (703) 530-9125
E-mail: wetabotesq@wetlawfirm.com
*Attorney for Plaintiff*

2. **Pre-Discovery Disclosures:** The parties will exchange by **June 8, 2015** the information required by Fed.R.Civ.P. 26(a)(1). The parties also agree that they will file and submit to a

Protective Order for the Court approval by **June 8, 2015** or move to resolve any pending issues in that regard.

3. **Motions to Add Parties or Amend Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **July 6, 2015**, with the exception of a motion seeking to amend to add defenses or counterclaims. Motions for amendment or joinder after this date will not be allowed except for good cause shown.

4. **Discovery Plan:** The parties jointly propose to the court the following discovery plan:

**Discovery will be needed on the following subjects:**

In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories, Defendant's neighbors, and Defendant's Internet Service Provider. Plaintiff will not exceed five (5) non-party depositions without leave of Court. Each deposition should last no more than 7 hours.

Defendant intends to propound interrogatories, requests for admission, requests for production of documents, and may conduct depositions of individuals identified in Plaintiff's Amended Complaint including any Exhibits attached thereto or Plaintiff's or Defendant's discovery or other witnesses. Defendant may seek to inspect the technical equipment of Plaintiff's technical experts.

The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendant.

**Disclosure of Electronically Stored Information:**

The parties anticipate that their claims or defenses will involve some electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties acknowledge that they are required to preserve relevant electronically stored information. In no event shall any party refrain from preserving or collecting documents for production based on the fact that the parties have not yet entered into a stipulation.

Plaintiff asserts that evidence preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration. This includes the preservation of all of Defendant's laptops, desktops, tablets, iPads, mobile phones, external storage devices, portable hard drives, external hard drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "computer hard drives").

Plaintiff will be requesting complete forensically sound copies of Defendant's computer hard drives. The parties agree that the forensically sound images will be created by a computer professional or Plaintiff's expert and produced in EnCase E01 format. It is Defendant's position that Plaintiff may file a demand to inspect Defendant's computer(s), and Defendant may make the computer(s) available for inspection. The parties will confer regarding the cost of duplicating hard drives of Defendant and if unable to reach an agreement, Plaintiff shall file a motion detailing the number of computers and hard drives to be inspected, along with an estimate of costs. Defendant reserves the right to legally object to any improper subpoenas or demands that are not in compliance with the federal rules or applicable laws.

Plaintiff will produce to Defendant all applicable MySQL log files. PCAPs (packet captures), .torrent files, .mov files, and mp4 files that correlate to the infringed works. These files will be provided to Defendant by DVD or flash drive.

Defendant will be doing discovery on each step in the "proprietary" evidence collection system and data Plaintiff uses for its lawsuit, and on the people who collect, store and analyze this evidence and data for Plaintiff. Defendant will be requesting to inspect any software being used by Plaintiff or Plaintiff's technical experts for Plaintiff's lawsuit, including but not limited to, the software name, version, algorithms, logic, and the source code. Defendant will be doing discovery on how the monitoring software is operated, including but not limited to the hosting server, location, operation time, database, data storage, firewall, network topology, and security measurement.

Defendant may seek documents, in their native format, relating to Plaintiff's capture of relevant information used to prosecute its claim, which files may be provided via DVD or USB flash drive; Defendant will confer with Plaintiff regarding any issues in method of production.

**Discovery Schedule:**

i. Deadline to propound Written Discovery: **July 6, 2015.**

ii. As set forth by the Court's April 21, 2015 Scheduling Order, Discovery will be completed, and any discovery motions will be filed, by **Friday, September 11, 2015.**

iii. Mediation Cut-off: **September 30, 2015**.

iv. Recommended date for serving primary expert designations and reports: The parties agree that Plaintiff's expert report shall be submitted by Plaintiff on or before **August 17, 2015**.

4

    v.    Recommended date for making rebuttal expert designations: Defendant's rebuttal shall be submitted on or before **August 31, 2015**.

    vi.    The earliest Settlement Week referral reasonably likely to be productive is the week of **September 14, 2015**.

    vii.    The case should be ready for trial by **October, 2015.**

5. **Service of Pleadings, Motions, Other Papers, and Discovery Requests and Responses.** All pleadings, motions, and other papers that are filed are to be served on the other party electronically as provided by the Federal Rules and local rules. In addition, the parties agree to serve by e-mail all discovery requests and written responses and other papers that are not filed. The serving party shall attach the pleading or paper in "Portable Document Format"(.pdf) or other form of electronic file; if transmission of voluminous materials (such as a compendium of attachments or transcripts) as an e-mail attachment is impractical, then those materials shall be served by overnight delivery via service with the ability to "track" deliveries and verify receipt. Service of discovery requests, objections and responses by e-mail prior to 5:00 p.m. Eastern Time shall be the equivalent of service by hand that day for purposes of Rules 5 and 6. If service by overnight courier has been used for these papers, it will be the equivalent of service by hand on the date of receipt.

6. **Modification.** A party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Rules 16 and 26.

7. **Privilege log**. The parties agree to make a good-faith effort to provide a privilege log within fourteen (14) calendar days of service of documents responsive to document requests. The parties further agree that communications between any party and its litigation counsel related to this

action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created after the date of the filing of this lawsuit need not be identified on any such privilege log.

8. **30(b)(6) Witness Designations**. The parties agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) days in advance of the deposition date.

9. **Requests for Admission.** Plaintiff may serve up to forty (40) requests for admission on Defendant, and Defendant may serve up to forty (40) requests for admission on Plaintiff. The parties agree to meet and confer before serving requests for admission or a stipulation regarding the authenticity of documents.

10. **Third Party Materials.** The parties shall provide or make available all materials obtained from third parties pursuant to Rule 45.

11. **Daubert Motions and Motions in Limine**. The parties agree that all *Daubert* motions to exclude experts or expert testimony and all motions in limine shall be filed by in time to be heard at least two (2) weeks before the trial date. In advance of a hearing date, the parties involved shall prepare and submit a proposed briefing schedule.

12. **Magistrate:** The parties at this time do not consent to proceeding before a magistrate judge except for discovery related matters.

13. **Jury Trial.** A jury trial has been demanded.

14. **Settlement:** The parties are currently engaging in settlement negotiations in a good faith attempt to resolve the matter.

Dated: May 6, 2015      By: /s/ *William E. Tabot, Esq*____
William E. Tabot, Esquire #39488
William E. Tabot, Esquire, PC
9248 Mosby Street

                                                                        Manassas, Virginia 20110
Tel: (709) 530-7075
*Attorney for Plaintiff*

APPROVED BY:

| | |
|---|---|
| William E Tabot, Esq. | Robert Franklin Powers, Esq. |
| 9248 Mosby Street | McClanahan Powers, PLLC |
| Manassas, VA 20110 | 1604 Spring Hill Road, Ste. 321 |
| Tel: (703) 530-7075 | Vienna, VA 22182 |
| Fax: (703) 530-9125 | Tel: (703) 520-1326 |
| E-mail: wetabotesq@wetlawfirm.com | Fax: (703) 828-0205 |
| *Attorney for Plaintiff* | E-mail: rpowers@mcplegal.com |
| | *Attorney for Defendant* |

Jon A. Hoppe, Esq
Maddox, Hoppe, Hoofnagle
Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
Tel: (301) 341-2580
Email: jhoppe@mhhhlawfirm.com
*Attorney for Plaintiff*