UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CRAIG AUGUSTON,<br><br>    Defendant. | CASE NO. 1:14-cv-01533-TSE-IDD |

**PLAINTIFF'S FED. R. CIV. P. 26(a) DISCLOSURES**

**26(A)(i) –** the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

1. Tobias Fieser. Mr. Fieser is an employee of IPP International U.G., Hermannstraße 9, 20095 Hamburg, Deutschland. Mr. Fieser verified that the infringement allegations in Plaintiff's pleadings were evidenced by computer records. Plaintiff will not likely call Mr. Fieser as a witness at trial.

2. Michael Patzer. Mr. Patzer is an independent contractor working predominantly for Excipio GmbH. He may be reached at Karlstrasse 49, 76133 Karlruhe, Germany. Mr. Patzer designed, created, implemented and monitors the data collection system which recorded the infringing transactions. He maintains and monitors the MySQL data base that logs the infringing transactions. At trial, Mr. Patzer is expected to answer all of the questions necessary to lay the foundation for the introduction into evidence of the PCAP and MySQL log files as business

records within the meaning of Fed.R.Evid. 803(6). Further, Mr. Patzer is expected to answer all of the questions necessary to authenticate the PCAP and MySQL log files pursuant to Fed.R.Evid. 901(a). Finally, Mr. Patzer will testify that the PCAPs are recordings of computer transactions during which a person using Defendant's IP Address sent pieces of the infringing computer files to the servers that he personally maintains and monitors.

3. Mr. and Mrs. Brigham and Colette Field. Mr. and Mrs. Brigham and Colette Field are the co-owners and managing members of Plaintiff. They may be reached at 409 W. Olympic Blvd., Los Angeles, CA 90015. Ms. Field possess information regarding the lawful distribution of the subject movies, ownership of the copyright and other information relevant to the case.

4. Patrick Paige. Mr. Paige works for Computer Forensics, LLC, 1880 N. Congress Ave, Suite 333, Boynton Beach, FL 33426. He is a computer forensics expert. He tested the data collection system which recorded the infringement data in this matter. Mr. Paige also is an expert on peer-to-peer file distribution systems including BitTorrent. Mr. Paige will also likely examine Defendant's computers.

5. Verizon Online, LLC. Possess information that correlates the Defendant to the IP address and Digital Millenium Copyright Act Notices.

6. Defendant's Neighbors. Possess information regarding their own internet accounts and whether they were authorized, had access to, or did use the Defendant's internet to infringe Plaintiff's copyrights via BitTorrent.

7. Residents and visitors in and to Defendant's household. Possess information regarding whether he or she were authorized, had access to, or did use the Defendant's internet to infringe Plaintiff's copyrights via BitTorrent.

8. Search engines and other BitTorrent scanning companies – Bing, Google, Ask Jeeves, Yahoo, Dogpile, MSN, etc. May possess relevant information.

**26(A)(ii)** – a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**RESPONSE:**

1. Copyright registrations or applications – May be found online.

2. ISP documents correlating the Defendant to the IP address – in undersigned's possession.

3. Computer Data evidencing the TCP/ICP connection and the piece of the subject movies that were sent through BitTorent by Defendant – obtained from Excipio.

4. Contracts between the ISP and Defendant – In ISP's and Defendant's possession.

5. Original copies of the movie and copies as reassembled from the pieces sent by the peer infringers – Plaintiff and IPP Limited have original copies of the movies. Copies reassembled by infringers may be obtained from Plaintiff through discovery.

**26(A)(iii)** – a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

**RESPONSE:**

Plaintiff seeks statutory damages.

**26(A)(iv)** – for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

There are no counter claims in this action that are covered by any insurance policy to which Plaintiff is the beneficiary.

Dated: May 18, 2015

    Respectfully submitted,

    By: /s/ *William E. Tabot, Esq*
    William E. Tabot, Esquire #39488
    William E. Tabot, Esquire, PC
    9248 Mosby Street
    Manassas, Virginia 20110
    Tel: (709) 530-7075
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 18, 2015, a true and correct copy of the foregoing document was served via U.S. Mail and/or email to the following:

Robert Franklin Powers
McClanahan Powers PLLC
1604 Spring Hill Road Suite 321
Vienna, VA 22182
703-546-8594
Email: rpowers@mcplegal.com
*Attorney for Defendant*

                                         By:  /s/ *William E. Tabot, Esq*